LOTTINGER, Judge.
This is a suit filed by Dunham Rentals, Inc. to recover certain taxes paid under protest to the West Feliciana Parish School Board. From a judgment in favor of Dunham Rentals, Inc. and against the West Feliciana Parish School Board, the School Board has perfected this appeal.
This matter was submitted to the Trial Court on the following stipulation of facts:
“It is stipulated by and between counsel for plaintiff and defendant that the facts upon which this cause is based are as follows :
Dunham Materials, Inc. is a corporation which produces sand and gravel by mining these materials in West Feliciana Parish. The plaintiff corporation, Dunham Rentals, Inc., is a separate corporation which transports the sand and gravel produced by Dunham Materials, Inc. from the pits to the dock site. This service is performed by Dunham Rentals, Inc. by use of trucks, cranes and other transportation equipment owned entirely by Dunham Rentals, Inc. and operated solely by employees of Dun-ham Rentals, Inc. and entirely at Dunham Rentals’ expense. The transportation equipment used is at all times in the possession and under the control of Dunham Rentals, Inc. For this service, Dunham Materials, Inc. pays Dunham Rentals, Inc. $1.50 per yard for each yard of material transported.
Defendant, West Feliciana Parish School Board, under the authority of Louisiana Revised Statutes 33:2735.1 — 33:2735.4, has levied within the Parish of West Feliciana a tax of one per cent (1%) upon the sale at retail, the use, the lease or rental, the consumption and the storage for use or *296 consumption of tangible personal property and upon the sale of services within the Parish as defined in Louisiana Revised Statutes 47:301-47:317.
Plaintiff contends that the sales tax ordinance states in its preamble the tax is to be on the sale of services as defined in Louisiana Revised Statutes 47:301-47:317 and the “definition” section of the ordinance states it shall include the sale of services as follows, whereupon seven types of services are listed tracking exactly the wording of Revised Statutes 47:301.
While defendant school board does not disagree with the definition of sale of services outlined above, it contends that the existing factual situation actually falls under Section 1.16 of the Parish ordinance which reads as follows:
‘SECTION 1.16. “‘Sale’” shall mean any transfer of title or possession or both, exchange, barter, lease or rental, conditional or otherwise, in any manner or by any means, whatsoever, of tangible personal property, for a consideration, and includes the fabrication of tangible personal property for consumers who furnish, either directly or indirectly, the materials used in fabrication work, and the furnishing, preparing, or serving, for a consideration, of any tangible personal property, consumed on the premises of the person furnishing, preparing or serving such tangible personal property. A transaction whereby the possession of property is transferred but the seller retains title as security for the payment of the price shall be deemed a sale * *
Pursuant to the above tax, Dunham Rentals, Inc. paid to the West Feliciana Parish School Board during the period February, 1966 to August, 1967 the total sum of $4506.26; both parties agree this was the proper amount due if the sales tax were applicable; but Dunham Rentals, Inc. takes the position the tax was not due and the school board takes the position the tax was due, the school board basing its contention on the fact that Dunham Materials, Inc. and Dunham Rentals, Inc. are two separate entities engaged in separate endeavors in this Parish and there was no legislative intent to exclude such arrangements from the sales tax.
During the same period of time, Dunham Rentals, Inc. paid to the Louisiana Department of Revenue the sum of $8542.84 pursuant to the two per cent (2%) state sales tax levied under Revised Statutes 47:301-47:317. On February 1, 1968 the Louisiana Department of Revenue refunded to Dun-ham Rentals, Inc. the $8542.84 paid plus interest of $179.72, a total of $8722.56 as shown by the attached copy of Notice of Refund signed by S. Feinblum, Director, Sales Tax Division.
That a refund was made by the state is not denied, however, the school board contends that the rules and regulations of the Collector of Revenue of the State of Louisiana or his interpretation of the laws of this state (and especially a parish ordinance) are not binding on it in any manner. The State Department of Revenue and the West Feliciana Parish School Board are separate entities and the latter is not under the jurisdiction or supervision of the former.”
The Trial Judge assigned written reasons for judgment, which we have adopted as the opinion of this Court, as follows:
“The Parish of West Feliciana seeks to levy the tax against the plaintiff under the following provisions of the West Feliciana Parish School Board General Sales Tax Ordinance”
“ ‘WHEREAS, under the provisions of Sections 2735.1 to 2735.4, inclusive, of Title 33 of the Louisiana Revised Statutes of 1950 (R.S. 33:2735.1-33:2735.4), the School Board of the Parish of West Feliciana, State of Louisiana, is authorized to levy and collect within such Parish a tax of one per cent (1%) upon the sale at retail, the use, the lease or rental, the consumption, and the storage for use or consumption of tangible per *297 sonal property and upon the sale of services as defined in Sections 301-317, inclusive, of Title 47 of the Louisiana Revised Statutes of 1950 (R.S. 47:301 — 47 :- 317); and (italicizing- added)”’
“Thus, under the facts stipulated to herein by the parties, the only manner which the defendant could legally collect the taxes from the plaintiff is to show that there was a ‘sales of services’ or a ‘lease or rental’ by the plaintiff.
“The parish ordinance refers to and incorporates in the statute La.R.S. 47 :- 301-317. The ordinance defines the term ‘sales of services’ in Section 1.16 as follows :
“ ‘The term “Sale” shall also include the “Sales of Services,” which means and includes the following:
“‘(1) the furnishing of rooms by hotels and tourist camps;
“ ‘(2) the sale of admissions to places of amusement, to athletic entertainment other than that of schools, colleges and universities, and recreational events, and the furnishing, for dues, fees, or other consideration, of the privilege of access to clubs or the privilege of having access to or the use of amusement, entertainment, athletic or recreational facilities;
“ ‘(3) the furnishing or storage or parking privileges by auto hotels and parking lots and trailer parks;
“ ‘(4) the furnishing of printing or overprinting, lithographic, multilith, blueprinting, photostating or other similar services or reproducing written or graphic matter;
“ ‘(5) the furnishing of laundry, cleaning, pressing and dyeing services, including by way of extension and not of limitation, the cleaning and renovation of clothing, furs, furniture, carpets and rugs, and the furnishing of storage space for clothing, furs and rugs;
“ ‘(6) the furnishing of cold storage space and the furnishing of the service of preparing tangible personal property for cold storage, where such service is incidental to the operation of storage facilities;
“ ‘(7) the furnishing of repairs to tangible personal property, including by way of illustration and not of limitation, the repair and servicing of automobiles and other vehicles, electrical and mechanical appliances and equipment, watches, jewelry, refrigerators, radios, shoes, and office appliances and equipment.’ ”
“The above definition is the same definition used in R.S. 47:301(14). It is abundantly clear to this Court that neither the state nor the parish tax includes the service of transporting sand and gravel or any other material. Therefore, such services cannot be taxed under the parish ordinance.
“It is also the opinion of this Court that the Parish may not tax under the ‘lease or rental’ provision of the ordinance.
“The facts stipulated to by the parties fail to show that a lease has been entered into by Dunham Rentals and Dunham Materials.
“Under Section 1.09 of the parish ordinance it is necessary that there be ‘possession or use’ by the lessee. The state statute contains the same definition. * * * ”
For the above and foregoing reasons, the judgment of the Trial Court is affirmed and defendant appellant is cast for all cost as permitted by law.
Judgment affirmed.